The STATE of Ohio, Appellee,

v.

BEACH, Appellant.

[Cite as *State v. Beach,* 148 Ohio App.3d 181, 2002-Ohio-2759.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010377.

Decided June 7, 2002.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

Ty Foster, for appellant.

SUNDERMANN, Judge.

{¶ 1} Defendant-appellant Jackie L. Beach, Jr., was indicted on two counts of nonsupport of dependents in violation of R.C. 2919.21(A). On April 9, 2001, the first day of trial, the state moved to amend the indictment to change the dates of the offense in each count of the indictment. The trial court granted the motion, and each count was amended to reflect that the time period involved was "on or about the 21st day of December, 1998 to on or about the 1st day of November, 2000."

{¶ 2} During the trial, the state presented evidence that Beach had fathered two children with two different women and had failed to support either child from December 21, 1998, to November 1, 2000. Monica Parrish, the mother of the child named in count two of the indictment, testified that her daughter was born on October 4, 1996, but that paternity testing did not confirm Beach as the biological father until February 1998. Parrish further testified that, between February 1998 and December 1998, Beach gave her two payments of $150 and one pack of diapers.

{¶ 3} Rasheeda Mason, the mother of the child named in count one of the indictment, testified that her daughter was born on November 21, 1998. Mason

testified that she had called Beach and had left a message about the birth of their child on the night she was admitted to the hospital. Paternity testing later confirmed that Beach was the biological father of the child. Mason testified that Beach had never given her any form of support for their child.

{¶ 4} In his defense, Beach presented evidence that matters were pending in juvenile court regarding the support payments for the two children. Beach did not deny that he was the father of the children, nor did he deny that he had failed to provide support for either child during the times specified in the indictment. Instead, Beach argued that because his support obligation for both children was being litigated during the times covered by the indictment, he could not be prosecuted criminally for nonsupport. He contended that his ongoing participation in the juvenile court proceedings negated the "recklessness" element necessary to establish violations of R.C. 2919.21(A)(2).

{¶ 5} A jury found Beach guilty of both counts. On April 27, 2001, the trial court overruled Beach's motions for acquittal and for a new trial and sentenced Beach to five years of community control. Beach now appeals, asserting four assignments of error. Because we find none of these assignments to be well taken, we affirm the judgment of the trial court.

{¶ 6} In his first assignment of error, Beach challenges the sufficiency of the evidence to support his convictions. He argues that the trial court erred in denying his Crim.R. 29 motions for acquittal because his ongoing participation in the juvenile court proceedings negated the "recklessness" element necessary to establish a violation of R.C. 2919.21(A)(2). We disagree.

{¶ 7} To review the sufficiency of the evidence to support a conviction, the relevant inquiry for an appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] The standard of review for the denial of a Crim.R. 29 motion is the same as the standard of review for sufficiency.[2]

{¶ 8} The Ohio Supreme Court has held that R.C. 2901.21(B) applies to make "recklessness" the culpable mental state to prove beyond a reasonable doubt a violation of R.C. 2919.21(B), because R.C. 2919.21(B) does not specify a degree of culpability.[3] R.C. 2919.21(A)(2), likewise, does not specify a degree of culpability. Based on the Ohio Supreme Court's analysis in *Collins*, we are persuaded that

---

1. *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.

2. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

3. See *State v. Collins*, 89 Ohio St.3d 524, 733 N.E.2d 1118.

the provisions of R.C. 2901.21(B) also apply to add "recklessness" as an element of this offense.

{¶ 9}   Beach was convicted of violating R.C. 2919.21(A)(2), which provides that no person shall abandon or fail to provide adequate support to his child who is under the age of eighteen.   The jury further found that Beach had failed to provide support for either child for 26 weeks out of 104 consecutive weeks, which elevated each violation to a felony.

{¶ 10}   Our review of the record convinces us that the state's evidence on the nonsupport violations was sufficient to withstand a Crim.R. 29 challenge. Moreover, we find sufficient evidence to support a jury finding of "recklessness." The state presented uncontested evidence that Beach, as the biological father of the children, had failed to provide any support for either child for approximately two years.   The fact that Beach was engaged in proceedings in juvenile court over the amount of support owed did not purge him of his obligation under R.C. 2919.21(A)(2) to provide "adequate support" to his minor children.[4]   As a result, we overrule his first assignment of error.

{¶ 11}   In his second assignment of error, Beach claims that the trial court should have instructed the jury on the jurisdiction of the juvenile court.   We disagree.

{¶ 12}   Generally, a trial court must give requested instructions in a criminal case when those instructions are correct, pertinent, and timely presented.[5]   The trial court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as a factfinder.[6]

{¶ 13}   In this case, the trial court allowed Beach to present evidence that he and the children's mothers had participated in juvenile court proceedings to determine the appropriate amount of court-ordered support.   The trial court also admitted into evidence certified copies of the court records in each juvenile court proceeding.   At the close of the evidence, Beach's counsel requested that the court instruct the jury on the jurisdiction of the juvenile court.   The trial court refused.   The trial court then instructed the jury on each and every element that needed to be proven to establish nonsupport under R.C. 2919.21(A)(2), including the element of "recklessness."

---

4.   See *State v. Taylor*, 9th Dist. No. 00CA007749, 2001-Ohio-1642, 2001 WL 1280226 (holding that a defendant could be jailed for contempt for failure to pay court-ordered support and then prosecuted criminally under R.C. 2919.21[A][2] ).

5.   See *State v. Joy* (1995), 74 Ohio St.3d 178, 181, 657 N.E.2d 503.

6.   See *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus.

{¶ 14} During its deliberations, the jury sent the following question to the court: "Is the defendant's legal obligation for monetary support to his child [sic] suspended while the amount is being contested/determined in court?" In response, the trial court instructed the jury on the law as it pertained to R.C. 2919.21(A)(2).

{¶ 15} Beach contends that a special instruction on the jurisdiction of the juvenile court would have provided the jury with a better understanding of the intricacies of the juvenile court proceedings. He also argues that such an instruction would have helped alleviate any confusion among the jurors about whether evidence of participation in those proceedings could operate to negate the "recklessness" element of a charge of nonsupport under R.C. 2919.21(A)(2). We disagree.

{¶ 16} The record reveals that a magistrate testified to his direct involvement in the juvenile court proceedings that established support orders for the two children named in the indictment. During his testimony, the magistrate testified at length about the substance and procedure of these child-support proceedings. The jury was also able to view certified copies of the documents in both juvenile court proceedings, all of which had been admitted as evidence. Consequently, we fail to see how a jury instruction on the jurisdiction of the juvenile court would have aided the jury in its deliberations. Additionally, the record reveals that the trial court instructed the jury on all the elements necessary to convict Beach for nonsupport under R.C. 2919.21(A)(2).

{¶ 17} As for the question posed by the jury during its deliberations, a trial court has discretion to determine its response to a jury request for further instructions during deliberations.[7] In this case, the trial court exercised its discretion and instructed the jury on the law as it pertained to R.C. 2919.21(A)(2). Because the jurisdiction of the juvenile court had no bearing on Beach's responsibility to support his children, the trial court did not err when it refused to instruct the jury as to that issue. We, therefore, overrule the second assignment of error.

{¶ 18} In his third assignment of error, Beach argues that the trial court erred when it refused to allow him to present general information regarding the control of the juvenile court docket. Beach contends that such evidence would have established that the delays in the juvenile court proceedings were not Beach's fault. Beach also argues that the trial court erred in refusing to permit testimony from the children's mothers regarding their reasons for initiating the child-support proceedings and their desires as to visitation.

---

7. See *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965.

{¶ 19}  A trial court has broad discretion in deciding whether to admit or exclude evidence.[8]  We will not disturb a trial court's evidentiary decision unless the trial court has abused its discretion.[9]  An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.[10]

{¶ 20}  In this case, the trial court allowed the defense to call the magistrate as a witness, over the state's objection.  The magistrate testified to his direct involvement in the juvenile court proceedings that established support orders for the two children named in the indictment.  When defense counsel asked the magistrate "who controlled his docket," the trial court sustained the state's objection and told defense counsel that it would permit the questioning only if counsel could connect his general question to the defendant's direct involvement in the juvenile court proceedings. Defense counsel then questioned the magistrate about the lengthy nature of both juvenile court proceedings, including specific continuances that the magistrates, the judges, and/or the parties had requested. Under these circumstances, we cannot say that the trial court abused its discretion when it refused to allow testimony as to the general control of the juvenile court's docket system.  Furthermore, we fail to see how the trial court's refusal to allow this specific question prejudiced Beach, given that he was able to elicit more specific testimony as to the reasons for the delays in his juvenile court proceedings.

{¶ 21}  Beach next argues that the trial court abused its discretion when it prohibited defense counsel from eliciting testimony from the children's mothers regarding their reasons for initiating the child-support proceedings and their desires as to visitation.  Again we disagree.  The mothers' motivations for initiating the child-support proceedings in juvenile court and their wishes as to visitation were not relevant considerations for the jury under R.C. 2919.21(A)(2). Consequently, we overrule the third assignment of error.

{¶ 22}  In his fourth assignment of error, Beach argues that the trial court erred when it allowed the state to amend the indictment on the morning of trial without providing any factual or legal basis for the amendment.  He further contends that the amendment served to change the penalties for the charged offenses from felonies to misdemeanors.  We disagree.

{¶ 23}  Crim.R. 7(D) provides that a trial court may amend an indictment any time before, during, or after a trial to correct "any defect, imperfection, or

---

8.  See *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus.

9.  See *State v. Lowe* (1994), 69 Ohio St.3d 527, 532, 634 N.E.2d 616; Crim.R. 52(A).

10.  See *State v. Adamson* (1998), 83 Ohio St.3d 248, 250, 699 N.E.2d 478.

omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged * * *." We review a trial court's decision to permit the amendment of an indictment under an abuse-of-discretion standard.[11] To constitute reversible error, Beach must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense.[12]

{¶ 24} In this case, Beach was charged with two counts of nonsupport under R.C. 2919.21(A)(2). R.C. 2919.21(G) elevates nonsupport from a misdemeanor to a felony when nonsupport is specified to have occurred "for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks." The original indictment charged Beach with two counts of nonsupport from December 21, 1998, to December 22, 2000. According to the indictment, Beach failed to pay support for 26 weeks out of a 104–consecutive–week period.

{¶ 25} Prior to jury selection, the state moved to shorten the time span for each of the alleged offenses. The state's motion indicated that the amendment was necessary to correct a defect, imperfection, omission, or variance with the evidence. The trial court granted the motion, and the time span in each count of the indictment was changed to read "on or about the 21st day of December, 1998 to on or about the 1st day of November, 2000."

{¶ 26} Beach first argues that the state provided no factual or legal basis for the amendment. Given that the state's motion stated that the amendment was necessary to correct a defect, imperfection, omission, or variance with the evidence, Beach's first argument is without merit.

{¶ 27} Beach next argues that the amended indictment did not allege felony nonsupport because it did not cover a 104–consecutive–week time period. Several other intermediate appellate courts have already addressed this issue.[13] Those courts have held that R.C. 2919.21(A) and (E) do not require that an indictment cover a time period of 104 consecutive weeks in order to allege a felony charge of nonsupport. Rather, an individual is guilty of felony nonsupport once he misses 26 weeks of support within any 104–week period.[14] Consequently,

---

11. *State v. Mundy* (1994), 99 Ohio App.3d 275, 313, 650 N.E.2d 502.

12. Id.

13. See *State v. Marcus* (Apr. 19, 1996), 5th Dist. No. 95CA–A–08–054, 1996 WL 248647; *State v. Ross* (Apr. 25, 1996), 5th Dist. No. 95CA–A–10–063, 1996 WL 251823; *State v. Tyner* (Mar. 3, 1997), 12th Dist. No. CA96–10–087, 1997 WL 89154.

14. Id.

those courts have held that the state need not wait until 104 weeks have passed before indicting an offender for felony nonsupport:

{¶ 28} "[T]he statute's inclusion of the 104 week time period is not intended to provide a 'grace period' in which an offender may 'make up' arrearages, but rather to set an outer limit on how far apart an offender's 26 missed weeks may lawfully be."[15]

{¶ 29} We agree with those courts' reading of the statute. We further agree that such a reading will encourage potential offenders to quickly pay missed support payments, will swiftly punish those offenders who miss 26 weeks of support, and will protect potential offenders from prosecution by setting boundaries on how far apart the 26 missed weeks of support may be.[16]

{¶ 30} In this case, the amendment did not change the name, identity, or penalty for the offenses charged. Although the indictment no longer covered a 104–week period, it still alleged that Beach had missed twenty-six weeks of support, from December 21, 1998, through November 1, 2000. As a result, the trial court did not abuse its discretion in allowing the state to amend the indictment. Furthermore, Beach has failed to show that he was prejudiced by the amendment because he was already on notice that the offenses were alleged to have occurred within that time. As a result, we overrule the fourth assignment of error. Consequently, we affirm the judgment of the trial court.

Judgment affirmed.

DOAN, P.J., and WINKLER, J., concur.

---

**15.** See *Marcus,* supra.

**16.** See id.