DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. On August 30, 2007, following jury trial, appellant was found guilty of one count of murder, in violation of R.C. 2923.02(A) and2929.02, and the related firearm specification, in violation of R.C. 2941.145. *Page 2 
 {¶ 2} On September 7, 2007, the trial court sentenced appellant to 15 years to life, on the murder count, and an additional 3 years, for the firearm specification, to be served consecutively, pursuant to R.C. 2929.14(D)(1), for a total term of incarceration of 18 years to life. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 3} On appeal, appellant sets forth the following sole assignment of error:
 {¶ 4} "ASSIGNMENT OF ERROR
 {¶ 5} "MR. RODRIGEUZ'S CONVICTION ON THE CHARGE OF MURDER, PURSUANT TO R.C. 2903.02, IS VOID FOR LACK OF SUBJECT MATTER JURISDICTION WHERE THE INDICTMENT UPON WHICH IT WAS BASED FAILED TO CHARGE THE CORRECT CULPABLE MENTAL STATE."
 {¶ 6} Under Ohio law, it is well-settled that appellate courts "review a trial court's decision to permit the amendment of an indictment under an abuse-of-discretion standard." State v. Beach, 148 Ohio App.3d 181,2002-Ohio-2759, ¶ 23. The Ohio Supreme Court has determined that an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. On January 23, 2007, the grand jury issued an indictment charging appellant with the offense of murder, in violation of R.C. 2903.02(A) and 2929.02. Specifically, the indictment charged appellant with knowingly causing the death of another. On *Page 3 
August 28, 2007, the trial court, pursuant to Crim. R. 7, amended the indictment. In doing so, the trial court deleted the mens rea of knowingly and inserted the mens rea of purposefully to properly reflect the statutory language.
 {¶ 8} On September 7, 2007, the sentencing hearing was held. At this hearing, the trial court sentenced appellant to 15 years to life, on the murder conviction, plus an additional term of 3 years as a mandatory and consecutive term, pursuant to R.C. 2929.14(D)(1), for a total term of 18 years to life. It is from this judgment that appellant now appeals.
 {¶ 9} In Ohio, it is well-settled that "[t]he [trial] court may at anytime before, during, or after a trial amend the indictment * * * provided no change is made in the name or identity in the crime charged." Crim. R. 7(D). (Emphasis added.) As a result, the Ohio Supreme Court has determined that "[a]n indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission * * *." State v. O'Brien (1987), 30 Ohio St.3d 122, paragraph two of the syllabus.
 {¶ 10} This court has carefully reviewed the record. The record clearly shows that the addition of the term "purposefully" changed neither the name nor the identity of the offense of murder charged therein. Furthermore, the record shows that counsel for appellant explicitly recognized the trial court's authority to amend the indictment and further conceded that the amendment did not mislead or prejudice the appellant. *Page 4 
Moreover, the record shows the trial court instructed the jurors, with respect to finding appellant guilty of the offense of murder, on the correct mens rea of purposefully.
 {¶ 11} After careful review of the evidence, in conjunction with the controlling legal principles, this court finds undisputed evidence that appellant was not prejudiced by the amendment of the original indictment to reflect the proper statutory language. The trial court did not abuse its discretion in amending the indictment pursuant to Crim. R. 7(D). On the contrary, it acted with clear legal authority. As such, there is nothing in the record to establish that such action was arbitrary, unreasonable, or unconscionable. Appellant's assignment of error is found not well-taken.
 {¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR. *Page 1