[Cite as *State v. From*, 2011-Ohio-1254.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-15 |
| ANDREW F. FROM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the County Court of Perry
                                   County Case No. TRC 09 00947


JUDGMENT:                          AFFIRMED

DATE OF JUDGMENT ENTRY:            March 16, 2011


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MICHELLE L. MONTY 0075130                  SCOTT P. WOOD 0063217
Village of Somerset Solicitor              Dagger, Johnston, Miller, Ogilvie &
233 Main Street                            Hampson, LLP
Zanesville, Ohio 43701                     144 East Main Street
                                           P.O. Box 667
                                           Lancaster, Ohio 43130

*Delaney, J.*

{¶1} Defendant-Appellant, Andrew From, appeals from the judgment of the County Court in Perry County Ohio, convicting him of one count of Operating a Vehicle under the Influence ("OVI"), in violation of R.C. 4511.19(A)(1).

{¶2} On July 2, 2009, Appellant was arrested for violating R.C. 4511.19. The officer charged Appellant under R.C. 4511.19(A)(2), which involves refusing to submit to a chemical test with a prior OVI refusal within the past 20 years.

{¶3} On July 7, 2009, Appellant entered a not guilty plea. On March 17, 2010, the State of Ohio filed a Motion to Amend the charges against Appellant under Crim. R. 7, from the original charge of R.C. 4511.19(A)(2) to R.C. 4511.19(A)(1)(a), which charges that the defendant operated a vehicle while under the influence.

{¶4} Appellant objected to the amendment. Over Appellant's objection, the trial court granted the State's Motion to Amend on April 22, 2010.[1]

{¶5} On June 17, 2010, Appellant entered a no contest plea to the charge of OVI under R.C. 4511.19(A)(1)(a) and was sentenced to thirty days in jail with twenty-seven days suspended provided that he comply with the terms of probation for one year.

---

[1] Appellee argues that Appellant was arraigned on the new charge; however, the record is devoid of any such arraignment. A pretrial was scheduled for June 15, 2010, however, this Court sees no sign of a second arraignment, nor does the State cite to a reference in its brief where the record the alleged second arraignment occurred.

{¶6}  Appellant raises one Assignment of Error:

{¶7}  "I. THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO AMEND THE ORIGINAL CITATION AGAINST APPELLANT."

I.

{¶8}  In Appellant's sole assignment of error, he argues that the trial court erred by allowing the State of Ohio to amend the original citation against Appellant from that of R.C. 4511.19(A)(2) to R.C. 4511.19(A)(1)(a).

{¶9}  A trial court's decision to permit the amendment of a criminal charge is reviewed under an abuse of discretion standard. *State v. Beach*, 148 Ohio App.3d 181, 2002-Ohio-2759, 772 N.E.2d 677, at ¶ 23, appeal not allowed, 96 Ohio St.3d 1516, 2002-Ohio-4950. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. To demonstrate error, defendant must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense. Id.

{¶10}  Crim R. 7(D) provides:

{¶11}  "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to

cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted."

{¶12} In the case at bar, the original charge was made under R.C. 4511.19(A)(2), which provides:

{¶13} "(2) No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

{¶14} "(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

{¶15} "(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law

enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."

{¶16} The amendment was made under R.C. 4511.19(A)(1)(a), which provides:

{¶17} "A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶18} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶19} While we do not find Appellee's argument that R.C. 4511.19(A)(1)(a) is a lesser-included offense of R.C. 4511.19(A)(2), we do find that the trial court was within its discretion to allow the amendment. Under either section, Appellant was on notice that he was charged with operating a vehicle under the influence of alcohol or drugs. There was no prejudice to Appellant in the preparation of his defense and no surprise, undue or otherwise. Accordingly, we do not find that the trial court was in error.

{¶20} Appellant's assignment of error is overruled.

{¶21} For the foregoing reasons, the judgment of the County Court of Perry County is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

[Cite as *State v. From*, 2011-Ohio-1254.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANDREW F. FROM | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-15 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the County Court of Perry County is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER