[Cite as *State v. Dicks*, 2013-Ohio-2585.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. CT2012-0051 |
| DAVID T. DICKS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  CR2011-0112


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 20, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           FREDERICK A. SEALOVER
ASSISTANT PROSECUTOR                      45 North Fourth Street
27 North Fifth Street                     Post Office Box 2910
Zanesville, Ohio  43701                   Zanesville, Ohio  43702-2910

*Wise, J.*

**{¶1}** Defendant-Appellant David T. Dicks appeals his conviction on two counts of gross sexual imposition entered by the Muskingum County Court of Common Pleas following a jury trial.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** On May 11, 2011, Appellant was indicted on 20 counts of gross sexual imposition, violations of R.C. §2907.05(A)(4), all involving the same victim.

**{¶4}** Each of the 20 Counts alleged that between the dates of March 24, 2003, and March 24, 2004, and, "in the County of Muskingum, Ohio, David T. Dicks did have sexual contact with another, to-wit, T.K. dob 02/12/1995, not the spouse of the said David T. Dicks, the said T.K. dob 02/12/1995, being less than thirteen (13) years of age, whether or not the said David T. Dicks knew the age of the said T.K. dob 2/12/1995 ... ," in violation of R.C. §2907.05(A)(4).

**{¶5}** On September 27, 2011, the case proceeded to trial by jury.

**{¶6}** At trial, the victim, T.K., testified that she lived with Appellant and his wife, Yvette, who is T.K.'s maternal aunt, for one year, from approximately March 24, 2003, to March 24, 2004, while both of her parents were incarcerated. T.K. said that, "[Appellant] would have me massage his back and everything." (2011 T. at 156). She claimed that he would have her rub, "down his stomach and his privates." *Id.* at 157. T.K. admitted that Appellant did not touch her and she said that he did not have her do, "anything other than massage him." *Id.* at 158. T.K. recounted that Appellant repeated this conduct, "twenty times or so." *Id.* at 166.

{¶7} At the close of the State's case, defense counsel made a motion for acquittal, noting that the State's evidence tended to show that Appellant had not had sexual contact with T.K., as charged, but rather, that he had caused T.K. to have sexual contact with himself.

{¶8} The State responded by making a motion to amend the indictment, "to include the full language of R.C. §2907.05, Gross Sexual Imposition, which includes the language of "cause another, not the spouse of the offense, to have sexual contact with the offender." *Id.* at 213. The State argued that the defense had been provided with discovery containing a copy of T.K.'s statement describing her allegations and that Appellant had therefore not been prejudiced in any way. Defense counsel conceded this point (2011 T. at 216).

{¶9} The State further offered that the indictment did not contain the entire text of the Gross Sexual Imposition statute due to a "scrivener's error". *Id.* at 213. Pursuant to Crim. R. 7(D), the trial court granted the State's motion to amend the indictment to include additional language which comported to the evidence adduced at trial, and denied Appellant's motion for acquittal,

{¶10} Appellant also made a motion to dismiss the jury.

{¶11} By Judgment Entry filed October 4, 2011, that request was granted and the jury was ordered dismissed without prejudice with a new trial to be scheduled.

{¶12} Appellant appealed the trial court's decision to this Court, which dismissed said appeal, finding that no final appealable order existed under R.C. §2505.02 because Appellant was awaiting a new trial and had yet to be found guilty and/or sentenced.

{¶13} On July 3, 2012, Appellant filed a Motion for Reconsideration of Motion for Acquittal and a Motion in Limine and/or to Suppress seeking an order, "prohibiting the introduction into evidence at Trial, by the State of Ohio, of testimony by Roni Kuhn, Susan Deckard, Trevor Deckard, Kelly McKee, Blake Newsom, and any other witnesses which contains inadmissible hearsay evidence, as well as the testimony of Scott A. Yockey which would be unfairly prejudicial and would violate the Defendant's Constitutionally guaranteed presumption of innocence."

{¶14} Scott Yockey is a convicted sex offender and a prisoner at the Noble Correctional Institution, who was housed with Appellant at the Muskingum County Jail in 2011, while Appellant was held in lieu of bail in this matter. Yockey came forward after Appellant's mistrial stating that Appellant had confessed to him that he perpetrated the offenses with which he was charged.

{¶15} By Journal Entry dated July 5, 2012, the trial court ordered the State to respond to Mr. Dicks' motions within 10 days. The State failed to make timely responses, but did file responses on July 27, 2012.

{¶16} On September 27, 2011, a second jury trial commenced in this matter. Prior to the State's opening statement, the trial court addressed preliminary matters:

{¶17} THE COURT: First, the Court will put on the record its ruling with regard to Defendant's motion for reconsideration of the motion for directed verdict, which the court is denying. In regards to the motion in limine, motion to suppress, it's my understanding the State is not intending upon calling the one witness at this point—

{¶18} [PROSECUTING ATTORNEY]: No, sir.

**{¶19}** THE COURT: -- at this point in time, so that issue is moot. In regards to the other witnesses, we'll deal with the hearsay problem as they come up.

**{¶20}** [PROSECUTING ATTORNEY]: That's correct.

**{¶21}** THE COURT: Does the State have a motion?

**{¶22}** [PROSECUTING ATTORNEY]: Your Honor, the State at this time on the record would move to nolle count six through 20 of the indictment. The State will be going forward on the first five counts only.

**{¶23}** THE COURT: Court will grant the nolle." (2012 T.  at 156).

**{¶24}** In the State's case-in-chief, Roni Kuhn, T.K., Trevor Deckard, Susan Deckard, Kelly McKee, and Blake Newsom gave testimony similar to that which they had given in the first trial.

**{¶25}** At the close of its case, the State moved to nolle Count Five of its indictment, as "not being satisfied during the testimony," *Id.* at 204. The trial court granted the State's motion then entertained and denied a defense motion for acquittal pursuant to Crim.R. 29.

**{¶26}** Appellant called six witnesses to challenge the weight of the evidence presented by the State. Richard J. Hazlett, Appellant's supervisor at the time of the alleged offenses, testified as to Appellant's work schedule as an overnight truck driver. Bradley Dicks and Christopher Dicks, Appellant's adult sons, as well as Christopher Dicks' girlfriend, Michelle Walker, and Appellant's wife, Yvette Dicks, all testified on Appellant's' behalf. Appellant also testified on his own behalf and denied the allegations.

**{¶27}** Following the defense's case-in-chief, the State indicated that it would be calling two rebuttal witnesses, one of whom was Scott Yockey. Defense counsel objected to the calling of Yockey, renewing efforts to exclude Yockey's testimony as presented in the pre-trial Motion in Limine and/or to Suppress. Defense counsel noted that, "primarily that objection was made on prejudice grounds, as [Evid.R. 403(A)] mandates the exclusion of even relevant evidence that is prejudicial and whose evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues thereof, or misleading the jury." *Id.* at 322. Defense counsel argued that, "Mr. Yockey is a two-time convicted felon, registered sex offender, and current inmate in Noble Correctional Institution," and that there was danger, "that the jury would be confused to hear [that Appellant had a previous trial end in a mistrial] and prejudiced to hear that Mr. Dicks has already gone to trial once." *Id.* at 323.

**{¶28}** The trial court denied Appellant's motion and allowed Mr. Yockey to testify.

**{¶29}** The State's first rebuttal witness was Det. Mike Ryan who briefly testified about his investigation. Yockey, as the State's second rebuttal witness, claimed that Appellant had confessed guilt to Yockey while they were housed together in jail. Yockey testified that, "basically she would fondle him in the wrong ways is how he stated it." *Id.* at 333.

**{¶30}** On cross examination Yockey acknowledged his own 2006 conviction for having unlawful sexual conduct with a minor and that he was serving a six-month minimum prison sentence for failing to register as a sex offender.

{¶31} Following deliberations, the jury returned Verdicts of guilty as to Count One and Count Two and not-guilty as to Count Three and Count Four. Thereafter, the trial court sentenced Appellant to serve three year stated prison terms on each count, concurrently, for an aggregate prison sentence of three years. The trial court also classified Appellant as a sexually oriented offender and notified him that he would be placed on post-release control for a period of five years following the expiration of his stated prison term.

{¶32} Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶33} "I. THE TRIAL COURT ERRED IN PERMITTING THE STATE OF OHIO TO AMEND ITS INDICTMENT AND DENYING THE DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL FOLLOWING THE CONCLUSION OF THE STATE OF OHIO'S CASE-IN-CHIEF AT THE DEFENDANT-APPELLANT'S FIRST JURY TRIAL.

{¶34} "II. THE TRIAL COURT ERRED IN NOT EXCLUDING FROM EVIDENCE THE REBUTTAL TESTIMONY OF SCOTT A. YOCKEY AT THE DEFENDANT-APPELLANT'S SECOND JURY TRIAL

I.

{¶35} In his First Assignment of Error, Appellant argues that the trial court erred in allowing the State to amend the indictment and denying its motion for acquittal following the first trial. We disagree.

{¶36} Crim.R. 7(D) specifies when a trial court may permit an amendment to an indictment:

{¶37} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury."

{¶38} The function of an indictment is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend. *State v. Sellards* (1985), 17 Ohio St.3d 169. A criminal indictment serves two purposes. First, an indictment "compels the government to aver all material facts constituting the essential elements of an offense," providing the accused adequate notice and the opportunity to defend the charges. *State v. Childs* (2000), 88 Ohio St.3d 194. Second, the indictment, "by identifying and defining the offense, * * * serves to protect the accused from future prosecutions for the same offense." *Id.*

{¶39} The purposes of an indictment are to give an accused adequate notice of the charge and to enable an accused to protect himself or herself from any future prosecutions for the same incident. *Id.; State v. Horner,* 126 Ohio St.3d 466, 2010-

Ohio-3830. Further, Crim.R. 7(D) allows a trial court to amend an indictment to conform to the evidence presented at trial so long as it does not change the identity of the offense. *State v. O'Brien* (1987), 30 Ohio St.3d 122, .

**{¶40}** When an amendment is allowed that does not change the name or identity of the offense charged, the accused is entitled to a discharge of the jury or a continuance, "unless it clearly appears from the whole of the proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made." *State v. Honeycutt,* 2nd Dist. No. 19004, 2002–Ohio–3490.

**{¶41}** A trial court's decision to permit the amendment of an indictment is reviewed under an abuse of discretion standard. *State v. Beach,* 148 Ohio App.3d 181, 2002-Ohio-2759, *appeal not allowed,* 96 Ohio St.3d 1516, 2002-Ohio-4950. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983), *quoting State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144(1980). To demonstrate error, Appellant must show not only that the trial court abused its discretion, but that the amendment prejudiced his defense. *Blakemore.*

**{¶42}** Appellant herein was charged with multiple counts of Gross Sexual Imposition, in violation of R.C. §2907.05(A)(4), which states:

**{¶43}** "(A)No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact

with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

**{¶44}** "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

**{¶45}** In this matter, both the original and the amended indictments properly informed Appellant that he was charged with Gross Sexual Imposition, in violation of 2907.05(A)(4).

**{¶46}** Appellant was not prejudiced in preparing his defense because he was given adequate notice of the exact nature of the allegations and what the State intended to prove at trial. *State v. Earle,* 120 Ohio App.3d 457, 467. Appellant was not misled and as his defense was a complete denial of any sexual contact, his defense strategy was not affected.

**{¶47}** Accordingly, the trial court concluded that Appellant would not be prejudiced from the amendment and correctly allowed such amendment and denied the motion for acquittal. From consideration of the whole proceedings, this Court finds that no failure of justice resulted from the amendment of the indictment in this case or the denial of the motion for acquittal.

**{¶48}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶49}** In his Second Assignment of Error, Appellant argues that the trial court erred in allowing Scott Yockey to testify on rebuttal during the second trial. We disagree.

**{¶50}** The admission or exclusion of evidence rests in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

**{¶51}** "Relevant evidence" "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

**{¶52}** Evid.R. 403 states:

**{¶53}** "**(A) Exclusion mandatory**

**{¶54}** "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.

**{¶55}** "**(B) Exclusion discretionary**

**{¶56}** "Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."

**{¶57}** The testimony provided by Mr. Yockey relaying the admissions made to him by Appellant was relevant and met the standard imposed by Evid.R. 401.

**{¶58}** Appellant argues that due to Mr. Yockey's criminal background, "the probative value of his testimony substantially outweighed by the danger of unfair prejudice". (Appellant's Brief at 18).

**{¶59}** Upon review we find Appellant's statements were admissions of guilt and the Yockey's testimony further provided explanations as to how Appellant manipulated the victim.  Further, the jury was informed as to Mr. Yockey's criminal history and was instructed accordingly as to determinations of credibility.

**{¶60}** Upon review, we find the trial court did not abuse its discretion in permitting the complained of testimony.

**{¶61}** Appellant's Second Assignment of Error is overruled.

**{¶62}** For the foregoing reasons, the decision of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0530

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :                JUDGMENT ENTRY
                                                 :
DAVID T. DICKS                                   :
                                                 :
    Defendant-Appellant                          :                Case No. CT2012-0051


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES