OPINION
{¶ 1} Defendant-appellant Heather Roth appeals the January 9, 2008 Judgment Entry of the Cambridge Municipal Court denying her motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 2, 2007, at approximately 1:06 a.m., Appellant was involved in an automobile accident in the City of Cambridge. Patrolman Nick Lemley of the Cambridge Police Department was the first to arrive at the scene. Patrolman Lemley observed a strong odor of alcohol on Appellant's breath. Appellant admitted drinking one beer at the Holiday Inn that evening. Appellant consented to a portable breath test, which indicated her blood alcohol level to be .053. Patrolman Lemley then conducted field sobriety tests, which Appellant failed.
 {¶ 3} Appellant was charged with Operating a Vehicle Intoxicated, in violation of R.C. 4511.19, and arrested. Appellant later entered a plea of not guilty in the Cambridge Municipal Court, and filed a motion to suppress the evidence.
 {¶ 4} Via magistrate's decision of November 20, 2007, the magistrate denied the motion to suppress. Appellant filed objections to the magistrate's decision with the trial court, but failed to provide the trial court with a transcript of the proceedings before the magistrate. Via Judgment Entry of January 9, 2008, the trial court overruled Appellant's objections to the magistrate's decision.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. IT IS PREJUDICIAL ERROR TO ADMIT EVIDENCE OF FIELD SOBRIETY TESTS WITHOUT OFFERING THE NHTSA TRAINING MANUAL OR *Page 3 
FAILURE OF THE STATE TO REQUEST JUDICIAL NOTICE OF THE METHOD OF PROPER ADMINISTRATION OF NHTSA OR OTHER FIELD SOBRIETY TESTS.
 {¶ 7} "II. THE STATE OF OHIO (CITY OF CAMBRIDGE) FAILED TO ESTABLISH SUBSTANTIAL COMPLIANCE WITH NHTSA STANDARDS IN THE PERFORMANCE OF THE WALK AND TURN TEST AND THE FINGER TO NOSE TEST RESULTING IN THEIR INADMISSIBILITY.
 {¶ 8} "III. IT IS PREJUDICIAL ERROR TO ADMIT EVIDENCE OF A NON-STANDARDIZED FIELD SOBRIETY TEST WITHOUT PROOF OF THE PROPER METHOD OF PERFORMANCE OF SAID TEST.
 {¶ 9} "IV. WITH THE EXCLUSION OF IMPROPERLY ADMINISTERED FIELD SOBRIETY TESTS, THE STATE FAILED TO ESTABLISH PROBABLE OR JUST CAUSE TO FURTHER TEST AND DETAIN THE APPELLANT."
 {¶ 10} All four of Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 11} Civ. R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. As a result, "when no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision." Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018,2000 WL 895599, at 1. *Page 4 
 {¶ 12} This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal.Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21; Gordon v.Gordon, Knox App. No. 01-CA-26, 2002-Ohio-2888; and, McKee v.McKee, Coshocton App. No. 05-CA-14, 2006-Ohio-630.
 {¶ 13} As stated in the statement of the case above, Appellant failed to file a transcript of the proceedings before the magistrate with her objections to the magistrate's decision. The trial court's January 9, 2008 Judgment Entry cites Appellant's failure to provide the trial court with a transcript of the hearing conducted by the Magistrate in overruling Appellant's objections thereto. We agree with the trial court, without a transcript of the hearing or a similar affidavit provided to the trial court, Appellant cannot demonstrate any alleged error. The analysis of Appellant's objections would obviously require the trial court to review the testimony given at the hearing.
 {¶ 14} Accordingly, we do not find the trial court abused its discretion in considering the magistrate's findings of fact established, and in overruling any objections thereto. Appellant's assigned errors are overruled. *Page 5 
 {¶ 15} The January 9, 2008 Judgment Entry of the Cambridge Municipal Court is affirmed.
 Hoffman, P.J. Wise, J. and Edwards, J. concur *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the January 9, 2008 Judgment Entry of the Cambridge Municipal Court is affirmed. Costs assessed to Appellant. *Page 1