[Cite as *State v. Scurry*, 2020-Ohio-5462.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DEHAVEN SCURRY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0001**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 19-CR-110

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. James Wise*, Hartford & Wise, Co., LPA, 91 West Taggart, P.O. Box, East Palestine, Ohio 44413, for Defendant-Appellant.

Dated: November 20, 2020

D'Apolito, J.

{¶1} Appellant, Dehaven Scurry, appeals from the December 9, 2019 judgment of the Mahoning County Court of Common Pleas consecutively sentencing him to a total of four years in prison for tampering with evidence and gross abuse of a corpse following a guilty plea. On appeal, Appellant argues his offenses should have merged as allied offenses of similar import for purposes of sentencing. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 8, 2019, Appellant was indicted by the Mahoning County Grand Jury on one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B), and one count of gross abuse of a corpse, a felony of the fifth degree, in violation of R.C. 2927.01(B) and (C).[1] Appellant was appointed counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.

{¶3} Thereafter, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to both counts as specified in the indictment. Pursuant to the Crim.R. 11(F) agreement, Appellee, the State of Ohio, recommended a four-year sentence. The court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court ordered a PSI and deferred sentencing.

{¶4} After considering the record, oral statements, the PSI, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the prison factors pursuant to R.C. 2929.13, the trial court found that the two counts do not merge and that consecutive sentences pursuant to R.C.

---

[1] The charges stem from Appellant's involvement in removing Amy's ("the decedent's") body from where she was murdered, placing the body in a small dumpster, and leaving the body there for a significant period of time. Appellant does not deny the facts as charged. Appellant posits, however, that someone else forced him at gunpoint to commit the crimes.

2929.14 are necessary to protect the public from future crimes and to punish Appellant. The court sentenced Appellant to 36 months in prison for tampering with evidence and 12 months for gross abuse of a corpse. The court ordered the two counts to be served consecutively for a total of four years in prison, with 66 days of jail-time credit. The court also notified Appellant that post-release control may be imposed for a period of three years.

{¶5}    Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT MERGING THE OFFENSES OF TAMPERING WITH EVIDENCE AND GROSS ABUSE OF A CORPSE FOR PURPOSES OF SENTENCING, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND R.C. 2941.25.**

{¶6}    When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2)(a)-(b).

> The question of whether crimes are allied offenses arises from the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution, which protects individuals from multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). R.C. 2941.25 codifies this protection under Ohio law:

> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Whether two offenses are allied offenses is a question of law and an appellate court must conduct a *de novo* review. *State v. Burns,* 7th Dist. Mahoning No. 09 MA 193, 2012-Ohio-2698, ¶ 60. * * * In [*State v.*] *Ruff,* [143 Ohio St.3d 114, 2015-Ohio-995] the Ohio Supreme Court created a three-part, fact-specific analysis that looks at the defendant's conduct, the animus, and the import. *Id.* at ¶ 26. Specifically, a court must consider: (1) whether the offenses are dissimilar in import or significance, meaning whether each offense caused a separate and identifiable harm; (2) whether the offenses were separately committed, and (3) whether the offenses were considered with separate animus or motivation. *Id.* If the answer to any of these questions is "yes," then the offenses do not merge. The fact-specific nature of the analysis requires a case-by-case consideration rather than application of a bright-line rule. *Id.*

*State v. Ursic*, 7th Dist. Harrison No. 18 HA 0006, 2019-Ohio-5088, ¶ 8-9.

{¶7} In this case, Appellant voluntarily entered into two separate guilty pleas, one for tampering with evidence and one for gross abuse of a corpse. Appellant understood and agreed that he could be sentenced for 36 months in prison for tampering with evidence and for 12 months in prison for gross abuse of a corpse, for a total of 4 years. (10/24/2019 Plea of Guilty).

{¶8} This court has previously stated: "'(I)t is disingenuous for [an] Appellant to enter into a plea bargain (* * *) and then to complain on appeal that he cannot be sentenced for the additional charge that was part of the plea bargain.'" *State v. Buggs*, 7th Dist. Mahoning Nos. 06 MA 28 and 07 MA 187, 2009-Ohio-6628, ¶ 7, quoting *State v. Hooper,* 7th Dist. No. 03 CO 30, 2005-Ohio-7084, ¶ 20. The Ohio Supreme Court has held: "It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 20. The record before us, however, does not indicate that by pleading guilty, Appellant intended to relinquish the opportunity to argue that he committed his offenses with the same conduct and the same animus. *Id.*

{¶9} R.C. 2921.12, "Tampering with evidence," states:

(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * *:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]

{¶10} R.C. 2927.01, "Offenses against human corpse," provides: "(B) No person, except as authorized by law, shall treat a human corpse in a way that would outrage reasonable community sensibilities."

{¶11} Thus, tampering with evidence can be committed without committing gross abuse of a corpse. R.C. 2921.12(A)(1) is not limited to tampering with corpses. A person may commit gross abuse of a corpse without simultaneously committing tampering with evidence. *See State v. Gabriel*, 170 Ohio App.3d 393, 2007-Ohio-794, ¶ 96 (2d Dist.), reversed on other grounds, *In re Ohio Criminal Sentencing Cases*, 116 Ohio St.3d 31, 2007-Ohio-5551.

{¶12} At the sentencing hearing, the following exchange occurred:

[PROSECUTOR]: * * * What happened to Amy [the decedent] in this case is wrong. It should never happen to anyone. The victim's family * * * [is] outraged in this incident. This is truly, truly awful. The State of Ohio believes that consecutive sentences are appropriate based upon the nature of this offense, also based upon the defendant's criminal history. He was on probation at the time of this offense.

I also believe, Your Honor, that the two counts would not merge for the purposes of sentencing. The tampering with evidence would be the placing of the body in the dumpster, and the abuse of the corpse would be leaving it there for a significant period of time.

* * *

[DEFENSE COUNSEL]: * * * I would argue that these two counts do merge because they came about under the same set of circumstances when a body was discovered behind a vacant house or soon-to-be vacant house. Throughout this case Mr. Scurry's story has been for the most part consistent. He does not deny the fact that he did what is alleged; however, he is of the - - his position is that someone forced him to do this at gunpoint.

* * *

My client throughout this case has acknowledged what he has done is wrong. He has shown remorse for it, but his position is he did so under duress. I would like the court to take that into consideration.

* * *

[THE DEFENDANT]: Just for the simple fact that I wouldn't have done this to Amy if that gun wasn't put to my head [by Dave]. Amy was a ten-year friend of mine. * * * We were - - we were really close friends, and I would have never done that to any person, human being, unless I was forced to do so. I am not that type of person. * * *

* * *

* * * And I just - - didn't know how to deal with that situation; so I handled it the way I did, and it was a bad error in judgment, and I - - I understand that I done (sic) wrong and I have to pay for my mistakes. * * *

* * *

[THE COURT]: Thank you.

So let me address the issues that I must procedurally first, and that is the issue as to whether or not Count One, tampering with evidence, merges with Count Two, gross abuse of a corpse, for purposes of sentencing. I have had an opportunity to review the indictment; and although the counts

Case No. 20 MA 0001

do occur at the same period of time, that is not the only factor that the court must consider as it determines - - as I determine whether or not there is a requirement that the counts merge. And as I review the essential elements of both counts, it is my opinion that the counts can occur independently of the other, specifically that someone can tamper with evidence without also grossly abusing a corpse; and, conversely, someone who can be convicted of gross abuse of a corpse without necessarily tampering with evidence. So over objection of the defense, I am going to find that Count One and Count Two do not merge for purposes of sentencing.

(12/3/2019 Sentencing Hearing T.p. 3-9).

{¶13} Because each of the offenses of which Appellant was charged with and voluntarily pleaded guilty to can be committed without necessarily committing the other, the Double Jeopardy clauses of the Ohio and United States constitutions are not implicated in this case. *See Gabriel, supra,* at ¶ 97. Here, Appellant removed the decedent's body from where she was murdered, then placed the body in a small dumpster and left it there for a significant period of time. This court, like the trial court, reviewed the photographs taken of the house and yard at issue. (State's Exhibits 1-3). This court, like the trial court, also reviewed the photographs of the decedent's bloodshed and disfigured body left by Appellant in the small dumpster. (State's Exhibits 4-8). The photographs are clearly disturbing and gruesome.

{¶14} In support of his position, Appellant relies on two cases from our Sister courts: *State v. Crisp*, 4th Dist. Scioto No. 10CA3404, 2012-Ohio-1730; and *State v. Shears*, 1st Dist. Hamilton No. C-120212, 2013-Ohio-1196. Appellant's reliance on those cases, however, is unavailing.

{¶15} The *Crisp* and *Shears* courts relied on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, for their allied offense analysis, but that case has been modified by *Ruff*. Unlike the case at bar, *Crisp* and *Shears* were decided before the Ohio Supreme Court squarely placed the burden on defendants to demonstrate a reasonable probability that offenses are allied. *Rogers, supra,* at ¶ 3, 21; *see also State v. Hunt*, 8th Dist. Cuyahoga No. 107125, 2019-Ohio-4053, ¶ 25-27.

**{¶16}** "There are instances where these two offenses would not merge. For instance, the Tenth District has found that the offenses of tampering with evidence and gross abuse of a corpse were not allied when committed with separate conduct." *Hunt* at ¶ 27, citing *State v. Flood*, 10th Dist. Franklin Nos. 18AP-206 and 18AP-738, 2019-Ohio-2524. Appellant has failed to carry his burden of showing that the offenses are allied offenses of similar import. *Hunt* at ¶ 27.

**{¶17}** There are two separate acts of conduct in this case. The first act of conduct shows Appellant tampered with evidence by removing the decedent's body from where she was murdered. R.C. 2921.12(A)(1). The second act of conduct shows Appellant grossly abused a corpse by later placing the decedent's body in a small dumpster and leaving it there for a significant period of time, i.e., a clear "outrage [to] reasonable community sensibilities." R.C. 2927.01(B). Therefore, the two offenses do not merge under these circumstances. *See State v. Wulff*, 8th Dist. Cuyahoga No. 94087, 2011-Ohio-700, ¶ 27.

**{¶18}** Furthermore, the record reveals the trial court reviewed the PSI, and considered the R.C. 2929.11, 2929.12, 2929.13, and 2929.14 factors. The court also sentenced Appellant within the statutory ranges for these crimes. *See* R.C. 2929.14(A)(3)(b) and (5). Appellant's sentence is not contrary to law.

## CONCLUSION

**{¶19}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The December 9, 2019 judgment of the Mahoning County Court of Common Pleas consecutively sentencing Appellant to a total of four years in prison for tampering with evidence and gross abuse of a corpse following a guilty plea is affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 20 MA 0001

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**